IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

SHAUN HAYES , individually and on behalf of
all others similarly situated,

                          **Plaintiff,**        CIVIL ACTION NO. _____

v.

AARONS, INC.                               JURY TRIAL DEMANDED
                          **Defendant.**

## PLAINTIFFS' COMPLAINT – CLASS ACTION

Plaintiff Shaun Hayes ("Mr. Hayes" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Aaron's, Inc. ("Aaron's" or "Defendant"), and respectfully alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated individuals for the purpose of obtaining relief under the Fair Credit Reporting Act ("FCRA").  Defendant violated the FCRA by obtaining consumer reports on Plaintiff and other job applicants for employment purposes without providing a "stand alone" disclosure as required by the FCRA.

## THE PARTIES

2.     Plaintiff is an individual residing in Orleans Parish, Louisiana.  Plaintiff applied for employment with Defendant in or around January 2015 through its online application system, which is available to potential job applicants from any computer with internet access.

3.     Defendant Aaron's, Inc. is a foreign corporation with headquarters in Atlanta, Georgia.  Defendant may be served through its registered agent for service of process:

1

**Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA, 70802-6129.** According to its May 7, 2015 10-Q Quarterly Report, Defendant had 1,318 Company-operated stores and 790 franchised stores, for a total of 2,108 stores.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under 15 U.S.C. § 1681, *et seq.*

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant (i) is subject to personal jurisdiction in this district, (ii) the acts and omissions giving rise to the claims alleged herein caused damage to Plaintiff and other Class members in this district.

## FACTUAL ALLEGATIONS

6. The FCRA contains a number of requirements relating to the use of consumer reports for employment purposes. Under the FCRA, an employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless …a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

7. Thus, the FCRA requires a signed consumer report consent form from the applicant before an employer requests or conducts a background check. *Id.* The FCRA provides that no extraneous information can be included on the consumer report consent form, which is often referred to as "the stand-alone" disclosure requirement. *Id.*

8. As noted above, Plaintiff applied for employment with Defendant in or around January 2015 through its online application system.

2

9. As part of the application process, one of the screens on Defendant's online application process contains a "Pre-Employment Policy," which Plaintiff and other applicants are required to accept before completing an application. (*See* Exhibit A, Defendant's Pre-Employment Policy, and Exhibit B, Screen Shot of Acceptance Page).

10. In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully included extraneous information into its "Pre-Employment Policy," which purports to give Defendant the authority to obtain and use consumer reports for employment purposes. More specifically, Defendant includes additional information in the consumer report consent form, including: (i) an explanation of its at-will employment policy, (ii) an explanation of its Drug Free Workplace policy, and (iii) a liability release which states that "I release all parties, including but not limited to any third party contractors and vendors, prior and current employers, and schools from any and all liability for any consequences or damages that may result from furnishing the requested information to Aarons, Inc." (*See* Exhibit A, Defendant's Pre-Employment Policy).

11. Defendant's practice of including the information noted above in Paragraph 10 in its consumer report consent forms violates the FCRA's requirement that an employer obtaining a consumer report for employment purposes disclose that information **"*in a document that consists solely of the disclosure.*"** 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

12. Defendant's practice of including the information noted above in Paragraph 10 in its consumer report consent forms not only violates the plain language of the FCRA, but also conflicts with regulatory guidance issued by the Federal Trade Commission. (*See* Exhibit C, Federal Trade Commission Advisory Opinion).

13. Although Defendant failed to provide Plaintiff with the required stand-alone disclosure, it subsequently requested a consumer report regarding Plaintiff for employment purposes.

14. In July 2014, Defendant was sued in a class action lawsuit alleging that its employment practices violated the FCRA. (*See* Exhibit D, Class Action Complaint in *Antoine v. Aaron's, Inc.*, CA # 14-cv-2120 (N.D. Ga. 2014)). In addition, there have been a host of other FCRA lawsuits against employers based on the same or substantially similar allegations as those asserted by Plaintiff in the instant case.

15. Upon information and belief, Defendant included the information noted above in Paragraph 10 not only in its online applications, but also its paper employment applications.

16. Based on the foregoing, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by obtaining a consumer report on Plaintiff and other job applicants for employment purposes without first providing a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23. The class is defined as follows:

> Any person who applied to Defendant and whose application failed to include a stand-alone disclosure regarding consumer reports in electronic or paper form and on whom Defendant obtained a consumer report or background check for employment purposes for the period beginning two years prior to the filing of the Complaint and continuing through the date the class list is prepared.

18. The members of the proposed classes are so numerous that joinder of all members is impracticable. Defendant regularly uses its unlawful consumer report consent form to procure

consumer reports on job applicants. Upon information and belief, thousands of Defendant's prospective and existing employees satisfy the class definition.

19. Plaintiff's claims are typical of the proposed class he seeks to represent because of, *inter alia*, the following

(i) Defendant regularly uses an identical disclosure to obtain consumer reports on prospective and existing employees;

(ii) Plaintiff and the proposed class have had consumer reports obtained on them by Defendant prior to providing the disclosures required by the FCRA;

(iii) Plaintiff and the proposed class have sustained similar types of damages as a result of Defendant's conduct; and

(iv) Plaintiff's claims are based on the same legal theories as those of the proposed class and involve similar factual circumstances.

20. Plaintiff will fairly and adequately represent and protect the interests of the proposed class. Plaintiff has retained counsel competent and experienced in class actions and employment litigation. There is no conflict between Plaintiff and members of the proposed class.

21. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual members of the proposed classes, including, *inter alia*, the following:

(i) Whether Defendant obtained consumer reports on prospective and existing employees;

(ii) Whether Defendant violated the FCRA by procuring consumer reports without a FCRA-compliant disclosure;

(iii) Whether Defendant's FCRA violations were willful;

(iv) The proper measure of statutory damages; and

(v) The proper measure of punitive damages.

22.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) or (3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the proposed class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies and practices, resulting in common violations of the FCRA.  Moreover, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would require.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgment about Defendant's practices.  Finally, Defendant has acted or refused to act on grounds generally applicable to the proposed class so that class-wide relief is appropriate for the proposed class as a whole.

23.     Plaintiff intends to send notice to all members of the proposed class consistent with Fed. R. Civ. P. 23.  Defendant maintains records and data to identify all of the potential class members in this case.

**FIRST CAUSE OF ACTION**
(Obtaining Consumer Reports without Making Proper Disclosures)
15 U.S.C. § 1681b(b)(2)(A)(i), *et seq.*

24.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

25.     Defendant obtained consumer reports on Plaintiff and members of the proposed class for employment purposes without first providing the disclosures required by the FCRA.

26.     Defendant's conduct, as heretofore alleged, was willful.

27.     Plaintiff and members of the proposed class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

28.     Plaintiffs and members of the proposed class are entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. § 1681n(a)(2).

29.     Plaintiffs and the class are further entitled to recover their costs and attorneys' fees incurred as a result of Defendant's violations pursuant to 15 U.S.C. § 1681n(a)(3).

## DEMAND FOR JURY

30.     Plaintiff, individually and on behalf of the proposed class, hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Plaintiff, individually and on behalf of the proposed class, prays that this Court will:

(a) Certify Plaintiff's claims as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3);

(b) Designate Plaintiff as Class Representative and designate the undersigned counsel as counsel for the proposed class;

(c) Issue notice to the proposed class at Defendant's expense;

(d) Enter a declaratory judgment that the practices complained of herein are unlawful under the FCRA and that Defendant willfully violated the rights of Plaintiff and the proposed class under the FCRA;

(e) Award Plaintiff and the proposed class statutory and punitive damages as provided by the FCRA;

(f) Award attorneys' fees and costs pursuant to the FCRA; and

(g) Grant Plaintiff and the proposed class any other legal and equitable relief that this Court deems just and proper.

Dated: June 12, 2015                                  Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiffs*